**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **JAMES MORRIS JR., Individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**E-TELECOM LLC,**<br><br>**Defendant.** | **Case No. ________________________**<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)**<br><br>**CLASS ACTION PURSUANT TO FED. R. CIV. P. 23** |

# ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff—James Morris, Jr. ("Plaintiff" or "Morris")—brings this action individually and on behalf of all current and former Tower Technicians (collectively, "Plaintiff and the Putative Collective/Class Members"), who worked for Defendant—E-Telecom, LLC ("E-Telecom")—anywhere in the United States, at any time during the relevant statutes of limitations, through the final disposition of this matter, to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. §§ 201–19, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1–105/15.

## I.
## OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the FLSA, and a class action pursuant to the state laws of Illinois under FED. R. CIV. P. 23, to recover unpaid wages and other applicable penalties.

2. Plaintiff and the Putative Collective/Class Members are those similarly situated persons who worked for E-Telecom at any time during the relevant time period(s) through the final

disposition of this matter, and were paid a day rate only but no overtime, in violation of state and federal law.

3. Although Plaintiff and the Putative Collective/Class Members have routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective/Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. During the relevant time period(s), E-Telecom knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members overtime compensation on a routine and regular basis.

5. Specifically, E-Telecom's regular practice—including during weeks when Plaintiff and the Putative Collective/Class Members worked and recorded hours in excess of forty (40)—was (and is) to pay them a day rate but no overtime.

6. The effect of E-Telecom's practices were (and are) that all compensable overtime hours worked by Plaintiff and the Putative Collective/Class Members were not (and are not) properly paid at the rates required by the FLSA and IMWL.

7. E-Telecom knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members overtime on a routine and regular basis during the relevant time period(s).

8. Plaintiff and the Putative Collective/Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or the IMWL.

9. Plaintiff and the Putative Collective/Class Members did not (and currently do not) earn a salary thereby nullifying any "salary-based" exemption. *See Helix Energy Sols. Grp., Inc. v. Hewitt*, 598 U.S. 39, 61, 143 S. Ct. 677, 692, 214 L. Ed. 2d 409 (2023).

10. Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime compensation, liquidated damages, and other damages owed under the FLSA as a collective

action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid overtime and other damages owed under the IMWL as a class action pursuant to FED. R. CIV. P. 23.

11. Plaintiff prays that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

12. Plaintiff also prays that the Rule 23 class is certified as defined herein, with Plaintiff Morris designated as the Class Representative of the IMWL Class.

## II.
## THE PARTIES

13. Plaintiff—James Morris, Jr. ("Morris")—was employed by E-Telecom in Illinois during the relevant time period. Plaintiff Morris did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

14. The FLSA Collective Members are those current and former Tower Technicians who were employed by E-Telecom, anywhere in the United States, at any time from May 11, 2023, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Morris worked and was paid.

15. The IMWL Class Members are those current and former Tower Technicians who were employed by E-Telecom, in the State of Illinois, at any time from May 11, 2023, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Morris worked and was paid.

16. Defendant E-Telecom, LLC is a domestic limited liability company with its principal office in McKinney, Texas, and may be served through its registered agent for service of process: **Veaceslav Esanu, 6800 Bermuda Avenue, McKinney, Texas 75070.**

---

[1] The written consent of James Morris, Jr. is attached hereto as Exhibit "A."

## III.
## JURISDICTION & VENUE

17. This Court has federal question jurisdiction over Plaintiff's claims under the FLSA, 29 U.S.C. §§ 201–19, pursuant to 28 U.S.C. § 1331.

18. This Court has supplemental jurisdiction over the additional Illinois state law claims pursuant to 28 U.S.C. § 1367 because they are so related to Plaintiff's FLSA claims that they form part of the same case or controversy.

19. Plaintiff has not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

20. This Court has general personal jurisdiction over E-Telecom because Texas qualifies as its home state because it is a domestic limited liability company and its principal office is located in McKinney, Texas, which is located within this District and Division.

21. Venue is proper pursuant to 28 U.S.C. § 1391 in the Eastern District of Texas because E-Telecom maintains its corporate headquarters in McKinney, Texas, which is located within this District and Division.

## IV.
## BACKGROUND FACTS

22. Defendant E-Telecom is a telecommunications services company that provides cell tower installation, maintenance, and repair services for wireless carriers and infrastructure owners across the United States.[2]

### Plaintiff and the Putative Collective Members are Similarly Situated

23. To provide its services, E-Telecom employed (and continues to employ) numerous Tower Technicians who were paid a day rate and no overtime—including Plaintiff and the individuals that make up the putative collective and class.

---

[2] https://www.e-telecom.us/about (last visited May 11, 2026).

24. Plaintiff and the Putative Collective/Class Members were employed by E-Telecom as Tower Technicians and were paid a day rate, but no overtime for hours worked in excess of forty (40) hours each workweek.

25. Plaintiff and the Putative Collective/Class Members' job duties include climbing cell towers and other communications structures to install, inspect, maintain, troubleshoot, and repair antennas, cables, transmission equipment, and related telecommunications infrastructure on behalf of E-Telecom and its customers.

26. While exact job titles may differ, these non-exempt employees were subjected to the same or similar illegal pay practices for similar work.

27. Importantly, none of the exemptions under the FLSA or IMWL relieving a covered employer (such as E-Telecom) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective/Class Members.

28. Plaintiff Morris was employed by E-Telecom as a Tower Technician in Illinois from approximately April 2, 2021, until May 29, 2025.

29. During their respective dates of employment with E-Telecom, Plaintiff and the Putative Collective/Class Members typically worked five (5) to six (6) days a week, and approximately twelve (12) to fourteen (14) hours per day—typically working approximately seventy (70) hours per workweek.

30. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties, their pay structure, and the policies (and practices) of E-Telecom resulting in the complained of FLSA and IMWL violations.

31. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties—that is, they all performed the manual, technical, and physical work of installing,

maintaining, troubleshooting, and repairing cell tower equipment and related telecommunications infrastructure for E-Telecom.

32. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their pay structure—that is, E-Telecom paid them a flat day rate for each day worked, regardless of the number of hours worked that day, and were not paid overtime compensation for hours worked in excess of forty (40) per workweek.

33. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to E-Telecom's policies (and practices) resulting in the complained of FLSA and IMWL violations.

**E-Telecom Failed to Pay Overtime**

34. E-Telecom paid Plaintiff and the Putative Collective/Class Members a day rate for each day worked—that is, Plaintiff and the Putative Collective/Class Members did not get paid if they did not work.

35. Specifically, E-Telecom paid Plaintiff Morris a day rate of $300.00 per day worked, regardless of the number of hours he worked each day, and did not pay him any additional compensation for hours worked in excess of forty (40) per workweek.

36. The FLSA and the IMWL mandate that overtime be paid at one and one-half times an employee's regular rate of pay.

37. Plaintiff and the Putative Collective/Class Members regularly worked in excess of forty (40) hours per workweek but never received overtime compensation.

38. Specifically, Plaintiff and the Putative Collective/Class Members regularly worked in excess of seventy (70) hours each workweek.

39. E-Telecom applied this pay practice despite clear and controlling law that states that Plaintiff and the Putative Collective/Class Members were entitled to overtime compensation.

40. As a result of E-Telecom's day rate and no overtime policy, Plaintiff and the Putative Collective/Class Members worked overtime hours for which they were not compensated at the rates required by the FLSA and the IMWL.

41. E-Telecom knew or should have known that it was not (and is not) compensating Plaintiff and the Putative Collective/Class Members for the proper amount of overtime compensation in violation of the FLSA and the IMWL.

42. E-Telecom's actions therefore constitute willful violations under the law and were not made in good faith.

43. E-Telecom knew or should have known that its failure to pay overtime to Plaintiff and the Putative Collective/Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective/Class Members.

44. Because E-Telecom did not pay Plaintiff and the Putative Collective/Class Members time and a half for all hours worked in excess of forty (40) in a workweek, E-Telecom's pay policies and practices willfully violated (and continue to violate) the FLSA and the IMWL.

45. Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and all unpaid overtime, treble damages, penalty fees, and other damages owed under the IMWL as a class action pursuant to FED. R. CIV. P. 23.

## V.
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Collective Action Alleging FLSA Violations)

### A. FLSA COVERAGE

46. The preceding paragraphs are incorporated as though fully set forth herein.

47. The "FLSA Collective" is defined as:

**ALL CURRENT AND FORMER TOWER TECHNICIANS WHO WERE EMPLOYED BY E-TELECOM, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM MAY 11, 2023, THROUGH THE FINAL DISPOSITION OF THIS MATTER, WHO WERE PAID A DAY RATE BUT DID NOT RECEIVE OVERTIME ("FLSA Collective Members").**

48. At all material times, E-Telecom has been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

49. At all material times, E-Telecom has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

50. At all material times, E-Telecom has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in the operation of telecommunications and infrastructure services and commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

51. Specifically, E-Telecom employs Tower Technicians to provide telecommunications installation, maintenance, and repair services across the United States, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail, and the Internet.

52. During the respective periods of Plaintiff and the FLSA Collective Members' employment by E-Telecom, these individuals provided services for E-Telecom that involved interstate commerce for purposes of the FLSA.

53. In performing work for E-Telecom, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

54. Specifically, Plaintiff and the FLSA Collective Members are (or were) employees who provided communication infrastructure maintenance and construction and related services to E-Telecom's customers throughout the United States. 29 U.S.C. § 203(j).

55. At all material times, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

56. The proposed collective of similarly situated employees—that is, the FLSA Collective sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in paragraph 47.

57. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of E-Telecom.

## B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA

58. E-Telecom violated the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce, the operation of telecommunications and infrastructure services, or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

59. Moreover, E-Telecom knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

60. E-Telecom knew or should have known their pay practices were in violation of the FLSA.

61. E-Telecom is a sophisticated party and employer and therefore knew (or should have known) their pay policies were in violation of the FLSA.

62. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) less sophisticated employees who trusted E-Telecom to pay them according to the law.

63. The decision and practice by E-Telecom to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was willful, and was neither reasonable nor in good faith.

64. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. COLLECTIVE ACTION ALLEGATIONS

65. All previous paragraphs are incorporated as though fully set forth herein.

66. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this action collectively on behalf of E-Telecom's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

67. Other employees have been victimized by E-Telecom's pay practices and patterns that are in willful violation of the FLSA.

68. The FLSA Collective is defined in paragraph 47.

69. E-Telecom's failure to pay overtime compensation for the hours that Plaintiff and the FLSA Collective Members worked over forty (40) hours each workweek resulted from generally

applicable policies or practices, and does not depend on the personal circumstances of the FLSA Collective Members.

70. Thus, Plaintiff's experiences are typical of those of the FLSA Collective Members.

71. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

72. All FLSA Collective Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

73. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

74. Absent a collective action, many members of the proposed FLSA Collective will not likely obtain redress of their injuries and E-Telecom will retain the proceeds of its violations.

75. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the FLSA Collective and provide for judicial consistency.

76. Accordingly, the FLSA Collective of similarly situated plaintiffs should be certified as defined in paragraph 47 and notice should be promptly sent.

## SECOND CAUSE OF ACTION
**(Class Action Alleging Violations of the IMWL)**

### A. IMWL COVERAGE

77. The preceding paragraphs are incorporated as though fully set forth herein.

78. The "IMWL Class" is defined as:

**ALL CURRENT AND FORMER TOWER TECHNICIANS WHO WERE EMPLOYED BY E-TELECOM, IN THE STATE OF ILLINOIS, AT ANY TIME FROM MAY 11, 2023, THROUGH THE FINAL DISPOSITION OF THIS MATTER, WHO WERE PAID A DAY RATE BUT DID NOT RECEIVE OVERTIME ("IMWL Class Members").**

79. At all material times, E-Telecom has been an "employer" as defined by the IMWL. See 820 ILCS 105/3(c).

80. At all material times, Plaintiff Morris and the IMWL Class Members were (and continue to be) E-Telecom's "employees" as defined within the IMWL. *See* 820 ILCS 105/3(d).

81. E-Telecom—the "employer"—is not exempt from paying overtime under the IMWL.

**B. FAILURE TO PAY OVERTIME IN ACCORDANCE WITH THE IMWL**

82. The IMWL requires employers, like E-Telecom, to pay employees, including Plaintiff Morris and the IMWL Class Members, overtime wages at a rate not less than 1.5 times their regular rates of pay for all hours worked after forty (40) hours in a workweek. *See* 820 ILCS 105/4a.

83. E-Telecom failed to pay Plaintiff Morris and the IMWL Class Members overtime wages at the proper rate for all hours worked in excess of forty (40) per workweek by paying them only a flat day rate with no overtime compensation.

84. In violating the IMWL, E-Telecom acted without a good faith basis, and with reckless disregard of clearly applicable Illinois law.

85. As a direct and proximate result of E-Telecom's willful conduct, Plaintiff Morris and the IMWL Class Members have suffered substantial losses, and continue to suffer substantial losses, and are entitled to unpaid overtime wages, treble damages, monthly statutory damages, and reasonable attorneys' fees pursuant to the IMWL. See 820 ILCS 105/12(a).

**C. IMWL CLASS ALLEGATIONS**

86. Plaintiff Morris brings the IMWL claim individually and on behalf of the IMWL Class Members pursuant to FED. R. CIV. P. 23.

87. **Numerosity**: The IMWL Class is so numerous that joinder of all members is impracticable. On information and belief, there are dozens, if not hundreds, of current and former

Tower Technicians who were employed by E-Telecom in Illinois during the relevant time period and were subjected to the same illegal pay practices.

88. **Commonality**: There are questions of law and fact common to the IMWL Class, including but not limited to: whether E-Telecom failed to pay Plaintiff Morris and the IMWL Class Members overtime compensation for hours worked in excess of forty (40) per workweek.

89. **Typicality**: Plaintiff Morris's claims are typical of the claims of the IMWL Class Members. Plaintiff Morris and the IMWL Class Members worked the same or similar job duties, were paid the same illegal day-rate compensation structure, and were denied overtime under the same pay practices.

90. **Adequacy**: Plaintiff Morris will fairly and adequately protect the interests of the IMWL Class. Plaintiff Morris's interests are coextensive with, and not antagonistic to, those of the absent IMWL Class Members. Plaintiff Morris is represented by counsel experienced in litigating wage-and-hour collective and class actions.

91. **Predominance and Superiority**: Common questions of law and fact predominate over any individual questions affecting only individual IMWL Class Members. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because, among other things, the IMWL Class Members lack the financial resources or incentive to prosecute individual actions, and a class action will conserve judicial resources and ensure consistent adjudication.

92. Accordingly, the IMWL Class should be certified as defined in paragraph 78.

## VI.
## RELIEF SOUGHT

93. Plaintiff Morris respectfully prays for judgment against E-Telecom as follows:

a. For an Order certifying the FLSA Collective as defined in paragraph 47;

b. For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order pursuant to § 16(b) of the FLSA finding E-Telecom liable for unpaid wages, including unpaid overtime wages, due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d. For an Order certifying the IMWL Class as defined in paragraph 78, and designating Plaintiff Morris as Representative of the IMWL Class;

e. For an Order pursuant to the IMWL awarding Plaintiff Morris and the IMWL Class Members damages for unpaid overtime and all other damages allowed by law, including treble damages, monthly statutory damages, and reasonable attorneys' fees;

f. For an Order awarding the costs of this action;

g. For an Order awarding attorneys' fees;

h. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

i. For an Order awarding Plaintiff Morris a service award as permitted by law;

j. For an Order compelling the accounting of the books and records of E-Telecom, at E-Telecom's expense (should discovery prove inadequate); and

k. For an Order granting such other and further relief as may be necessary and appropriate.

Date: May 11, 2026

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: */s/ Clif Alexander*
**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Texas Bar No. 24071993
lauren@a2xlaw.com
**Carter T. Hastings**
Texas Bar No. 24101879
carter@a2xlaw.com
101 N. Shoreline Blvd., Suite 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Counsel for Plaintiff and Putative Collective/Class Members***